OPINION OF THE COURT

Per Curiam.

Subdivision 2 of section 240.20 of the Penal Law, which prohibits making “unreasonable noise” with “intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof”, is not unconstitutional, either for vagueness or for overbreadth. The order of the County Court of Monroe County should, therefore, be affirmed.
Defendants were arrested on November 29, 1980, and both were charged with violating subdivisions 2 and 5 of section 240.20 of the Penal Law.[1] Ioannis Bakolas was also charged with violating subdivision 1 of that section. The information recited in support of the charges as to Ioannis Bakolas, that “the defendant was stopped for a traffic violation and then became abusive to officer, yelling, threatening and when ordered to return to vehicle, he refused and stood in the roadway forcing vehicular traffic to swerve to avoid striking the defendant,” and as to Evangelos Bakolas, that he was observed “standing in the *53 westbound traffic lane of Monroe Ave. yelling at Officer Trite. Defendant was told to desist and remove himself from the roadway and he refused to do so.”
The defendants moved to dismiss the information on the ground that subdivisions 1, 2 and 5 of section 240.20 are unconstitutionally vague or overbroad. Rochester City Court upheld subdivisions 1 and 5 but ruled subdivision 2 unconstitutionally vague on its face because the meaning of the term “unreasonable noise” depends on the ear and mind of the listener. Accordingly, the court dismissed the count of each information charging a violation of subdivision 2.
On appeal to the County Court of Monroe County, that court reversed and reinstated the subdivision 2 charges, holding that the culpability requirement (“with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof”) saved the statute. Defendants appeal by permission. Both defendants and the People have agreed to our review of the appeal on submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]).
Defendants argue with respect to vagueness that because noises, in and of themselves, are neither reasonable nor unreasonable, the term “unreasonable noise” is meaningless. Further, they argue, the statute here, like the ordinance at issue in People v New York Trap Rock Corp. (57 NY2d 371), attempts to govern every possible situation and thus provides inadequate standards for enforcement.
The term “unreasonable noise” is not incapable of definition. Rather, it describes a noise of a type or volume that a reasonable person, under the circumstances, would not tolerate (cf. People v Byron, 17 NY2d 64, 67; Kovacs v Cooper, 336 US 77, 79). Section 240.20 is largely based upon section 250.2 of the American Law Institute’s Model Penal Code,[2] which in paragraph (b) of subdivision (1) penalizes “unreasonable noise.” As the comments indicate, *54 the purpose of section 250.2 is to penalize “public nuisance” (ALI Model Penal Code and Commentaries, part II, p 328) and unreasonableness as used in the section relates to “an assault on public sensibilities” (id., p 332). Similarly, section 240.20 by its requirement that the noise be intended to cause, or recklessly create a risk of, public inconvenience, annoyance or alarm, narrows the definition, so that no inadvertently disturbing act may be punished (see People v Todaro, 26 NY2d 325, 329). The public nature of the requisite intent or risk makes this essentially a disturbing the peace ordinance of the sort upheld in People v Hardy (47 NY2d 500). There the prohibited act was “knowingly” keeping a “place of public resort by which the peace, comfort or decency of a neighborhood is disturbed” (47 NY2d, at p 504). Indeed, the Hardy ordinance was less definite than the instant one because it did not enumerate the specific actions, such as making unreasonable noise, which would constitute violations.
People v New York Trap Rock Corp. (supra), is not to the contrary. The ordinance there at issue proscribed making “any excessive or unusually loud sound or any sound which either annoys, disturbs, injures or endangers the comfort, repose,, health, peace or safety of a person” (57 NY2d, at p 375), and suffered from several defects not present in the instant statute. First, it provided a subjective standard — the annoyance, etc., of a person, rather than a neighborhood or the public — and thus was subject to enforcement according to the “ ‘malice or animosity of a cantankerous neighbor’ ” or the “ ‘boiling point of a particular person’ ” (57 NY2d, at p 380). Second, “the pervasive nature of its catchall effect” made it capable of ad hoc and discriminatory enforcement and incapable of a narrowing construction (57 NY2d, at p 381). Here, the objective standard of public disturbance, the requirement of unreasonableness, and the Narrowing effect of the fact that all of the other acts proscribed by the section are publicly offensive, permit, if they do not require, the construction above set forth.
The conclusion that, so construed, the státute is not unconstitutionally vague, accords with the holdings of the *55 majority of the other courts that have considered the question. Statutes similar to section 240.20 have been upheld against a vagueness argument in Commonwealth v Mastrangelo (489 Pa 254, app dsmd sub nom. Mastrangelo v Pennsylvania, 449 US 894 [“unreasonable noise”]); People v Fitzgerald (194 Col 415 [“unreasonable noise”]); State v Marker (21 Ore App 671 [“unreasonable noise”]); State v Anonymous (6 Conn Cir 667 [“unreasonable noise”]); see Heard v Rizzo (281 F Supp 720, 741, affd Per Curiam 392 US 646 [“unseemly noise”]); State v Johnson (112 Ariz 383 [“loud or unusual noise”]); Hess v State (260 Ind 427, revd on other grounds sub nom. Hess v Indiana, 414 US 105 [“unusual noise”]). Although Marks v City of Anchorage (500 P2d 644 [Alaska]), Matter of Brown (9 Cal 3d 612), Pritikin v Thurman (311 F Supp 1400) and Gardner v Ceci (312 F Supp 516) can be said to be to the contrary, they cannot be considered authoritative in view of the Supreme Court’s summary affirmance in Heard v Rizzo (supra), and its dismissal “for want of substantial federal question” in Mastrangelo v Pennsylvania (supra), both rulings being on the merits of the issue presented for review (Hicks v Miranda, 422 US 332, 344).[3]
For like reason the overbreadth contention cannot be sustained. Although the facts recited in the information involve speech, protected speech may be restricted as to time, place and manner (Heffron v International Soc. for Krishna Consciousness, 452 US 640, 647-648; cf. Kovacs v Cooper, 336 US 77, supra). The activity prohibited by section 240.20 is speech so unreasonably noisy as “to cause public inconvenience, annoyance or alarm”. Such a prohibition is not on its face impermissibly overbroad (State v Johnson, 112 Ariz 383, supra; People v Fitzgerald, 194 Col 415, supra; cf. Hess v Indiana, 414 US 105, 108, supra). On the present record we, of course, do not reach the question of constitutionality as applied.
For the foregoing reasons, the order of the County Court of Monroe County should be affirmed.
*56 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in Per Curiam, opinion.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed.

. Section 240.20 of the Penal Law provides in full: "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: 1. He engages in fighting or in violent, tumultuous or threatening behavior; or 2. He makes unreasonable noise; or 3. In a public place, he uses abusive or obscene language, or makes an obscene gesture; or 4. Without lawful authority, he disturbs any lawful assembly or meeting of persons; or 5. He obstructs vehicular or pedestrian traffic; or 6. He congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse; or 7. He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose. Disorderly conduct is a violation.”

. Section 250.2 of the Model Penal Code provides in pertinent part: “(1) Offense Defined. A person is guilty of disorderly conduct if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (a) engages in fighting or threatening, or in violent or tumultuous behavior; or (b) makes unreason *54 able noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or (c) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.”

. For like reason the doubt whether an unreasonable noise ordinance could survive a vagueness attack expressed in the ALI Model Penal Code Commentaries to section 250.2 (at p 347), which was predicated on the fact that “No case directly on point seems to have been decided” is no longer valid.