OPINION OF THE COURT
Jo Ann Ferdinand, J.
On December 10, 1989, the six defendants herein allegedly participated in a demonstration with approximately 40 others inside St. Patrick’s Cathedral during a mass at which Archbishop John Cardinal O’Connor was the principal celebrant. The accusatory instruments allege that the defendants chanted or shouted slogans, lay down in the center aisle, handcuffed themselves to church pews, refused to leave the *860 cathedral and were carried out by the police. As a consequence of these actions, defendants were arrested and stand charged with the offenses of disorderly conduct (Penal Law § 240.20 [4]) and trespass (Penal Law § 140.05) and the crimes of resisting arrest (Penal Law § 205.30) and disruption, or disturbance of religious service (Penal Law § 240.21).
The defendants, by their attorney, have subpoenaed Cardinal O’Connor to appear and testify at the trial of these charges. (CPL 610.20 [3].) The Cardinal now moves the court to quash this subpoena upon the grounds that he has no relevant testimony to offer and that the subpoena is an abuse of process intended solely to harass. Defendants assert Cardinal O’Connor’s testimony is relevant and necessary because he is the person they are alleged to have disrupted. Defendants deny that their purpose in serving the subpoena is to harass. In this case the court must determine whether Cardinal O’Connor is a witness whom the defendants are entitled to call at trial.
Fundamental to defendants’ due process is the right to present witnesses to establish a defense (US Const 6th, 14th Amends; CPL 60.15 [1]), which includes the right to compel the attendance of witnesses (Washington v Texas, 388 US 14 [1967]; People v Carter, 37 NY2d 234 [1975]; CPL 610.10). This right, however, is not absolute. (People v Chipp, 75 NY2d 327, 336-337 [1990].) As both sides have pointed out, even witnesses whose testimony would be relevant to the defense may be excluded where there is a showing of bad faith. (People v Gilliam, 37 NY2d 722 [1975], revg 45 AD2d 744 on dissenting opn of Mr. Justice Hopkins; People v Murray, 79 AD2d 993 [2d Dept 1981]; People v McClinton, 75 AD2d 900 [2d Dept 1980].)
This court is not unmindful of the assertions on the part of counsel for Cardinal O’Connor that the subpoena here was issued and is designed to unduly harass, badger and annoy the Cardinal. Indeed, submissions on behalf of the Cardinal show an intent by the defendants to use the Cardinal’s appearance to garner publicity for the trial and to turn the focus of the trial into a forum for the discussion of defendants’ beliefs and concerns vis-á-vis the teachings of the Catholic church. Nevertheless, if the Cardinal’s testimony were considered by this court to be material and relevant to the issues of the trial, the fundamental constitutional rights of the defendants to call witnesses in their behalf must prevail.
The resolution of this motion rests upon a determination of *861 whether or not Cardinal O’Connor has relevant and material testimony on the issue of the guilt or innocence of the accused.
The defendants seek to call Cardinal O’Connor in respect of his decision "to stop his homily and alter the course of the rest of the service.” Defendants contend the only disruption of the service was the Cardinal’s voluntary decision to discontinue his planned presentation. Defendants continue, "[c]ertainly the state of mind of the orator and whether he was disrupted is a material and relevant question at trial.”
Both the crime of disruption or disturbance of a religious service and the offense of disorderly conduct by disturbing a lawful assembly, provide that a person is guilty when, acting with the necessary intent, he or she makes unreasonable noise or disturbance.* The term "unreasonable noise” was found by the Court of Appeals in People v Bakolas (59 NY2d 51, 53 [1983]) to "describe * * * a noise of a type or volume that a reasonable person, under the circumstances, would not tolerate”. Prohibiting a "disturbance” is directed at preventing acts which intentionally or recklessly inhibit or interfere with the progress of a religious service. (See, People v Malone, 156 App Div 10 [2d Dept 1913]; State v McNair, 178 Neb 763, 135 NW2d 463 [1965].)
Evidence presented to prove or disprove that Cardinal O’Connor stopped his homily and altered the course of the service is not relevant to the charges nor is it material to the issues at trial. The issue here is whether the alleged actions of defendants caused a disturbance which interfered with the ability to celebrate the mass of those gathered at the cathedral for that purpose. The statutes involved are intended to protect those who lawfully assemble for the purpose of participating in a religious service from unreasonable noise or other disturbance. (See, People v Iannelli, 69 NY2d 684 [1986], affg App Term, 2d Dept, Mar. 25,1986, No. 85-31.)
*862 Accordingly, testimony of Cardinal O’Connor sought to be elicited by the defendants is not relevant nor is it material to any of the crimes charged in the informations.
In the circumstance, the court grants the motion to quash.

 Section 240.21 of the Penal Law provides in full:
"A person is guilty of aggravated disorderly conduct, who makes unreasonable noise or disturbance while at a lawfully assembled religious service or within one hundred feet thereof, with intent to cause annoyance or alarm or recklessly creating a risk thereof.
"Aggravated disorderly conduct is a class A misdemeanor.”
Section 240.20 (4) of the Penal Law provides in full:
"A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * *
"4. Without lawful authority, he disturbs any lawful assembly or meeting of persons * * *
"Disorderly conduct is a violation.”