Henry Sterling, was convicted in Randolph District Court of disorderly conduct, a violation of § 13A-11-7(a)(2), Code of Alabama 1975. He appealed his conviction to the circuit court for a trial de novo. He then filed a motion to dismiss claiming that § 13A-11-7(a)(2) was unconstitutionally vague and over broad; the trial court denied the motion. After a jury trial, he was found guilty. Sterling was sentenced to perform community service or, in the alternative, to serve 60 days in the Randolph County jail.
The evidence presented at trial tended to show the following. Sterling applied for a pistol permit with the Randolph County Sheriff's Department. After routine processing, the application was denied. Sterling came to the sheriff's office, which is located in the county courthouse, and inquired about the status of his application. Sterling was told that his application had been denied. When he asked why, the sheriff told him that permits could be issued only to county residents (Sterling was not a resident of Randolph County). Sterling continued to ask the sheriff why his application had been denied and raised his voice with each successive question. The sheriff repeatedly gave him the same reason — that he was not a resident of the county. Sterling, trailing closely behind the sheriff, followed him out of the office and into the courthouse hallway and again demanded to know why his application had been denied. His voice was now loud enough that workers in other offices along the hallway heard him and stopped their work to see what was happening. The sheriff then warned Sterling that he would be arrested if he did not cease; Sterling responded that he "was not scared of your jail." (R. 106.) When Sterling continued to ask, in the same tone of voice, why his permit application had been denied, the sheriff arrested him.
Sterling claims that § 13A-11-7(a)(2) is unconstitutionally vague because it does not provide a reasonable person with notice as to the type of conduct it proscribes. He also claims that this statute is overbroad because it also prohibits constitutionally protected speech. Although he raises these issues separately in his brief on appeal, we will address them together here.
Section 13A-11-7(a), Code of Alabama 1975 reads, in pertinent part:
 "(a) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
". . . *Page 73 
"(2) Makes unreasonable noise. . . ."
This Court addressed a constitutional challenge based on claims of vagueness and overbreadth in Culbreath v. State,667 So.2d 156 (Ala.Crim.App. 1995), where we stated:
 "The United States Supreme Court has stated the following about the void for vagueness challenge:
 " 'It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc
and subjective basis, with attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to " 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked.' "
 "Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972), quoting, in part, Baggett v. Bullitt, 377 U.S. 360, 372, 84 S.Ct. 1316, 1323, 12 L.Ed.2d 377 (1964). See also United States v. Harriss, 347 U.S. 612, 617-18, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). To withstand a challenge of vagueness, a statute must: 1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, and, 2) provide explicit standards to those who apply the laws. Grayned.
 " '[T]his prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties." Robinson v. United States, 324 U.S. 282, 286, 65 S.Ct. 666, 668, 89 L.Ed. 944
(1945). Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.' "
 "Rose v. Locke, 423 U.S. 48, 49-50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). 'A defendant who challenges a statute on the ground of vagueness "must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the potentially vague applications to others." ' Senf v. State, 622 So.2d 435, 437
(Ala.Cr.App. 1993), quoting Aiello v. City of Wilmington, 623 F.2d 845, 850 (3rd Cir. 1980). (Emphasis supplied in Culbreath.)
 "This court has stated the following about the overbreadth doctrine:
 " 'The overbroad doctrine derives from the First Amendment, see Young v. American Mini Theaters [Theatres], 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), and serves to invalidate legislation so sweeping that, along with its allowable proscriptions, it also restricts constitutionally-protected rights of free speech, press, or assembly, see, e.g., Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).'
 "McCrary v. State, 429 So.2d 1121, 1123
(Ala.Cr.App. 1982), cert. denied, 464 U.S. 913, 104 S.Ct. 273, 78 L.Ed.2d 254 (1983)."
Culbreath, 667 So.2d at 158-59.
We have found no instance in which the appellate courts of Alabama have addressed the issue whether § 13A-11-7(a)(2) is unconstitutionally vague or overbroad. Section 13A-11-7 is virtually identical to New York Revised Penal Law § 240.20; in fact, the Alabama statute was adapted from the New York law. See the Commentary to § 13A-11-7. The Court of Appeals of New *Page 74 
York addressed the constitutionality of § 240.20 in People v.Bakolas, 59 N.Y.2d 51, 462 N.Y.S.2d 844, 449 N.E.2d 738
(N.Y. 1983). In Bakolas, two defendants were charged with violating, among other laws, subdivision 2 of § 240.20, which states that "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e makes unreasonable noise." The Rochester, New York, City Court held that subdivision 2 was unconstitutionally vague "because the meaning of the term 'unreasonable noise' depends on the ear and mind of the listener." Bakolas, 462 N.Y.S.2d at 845, 449 N.E.2d at 739. On appeal, the County Court of Monroe County, New York, reversed that ruling, holding that "the culpability requirement ('with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof') saved the statute." Id. The Court of Appeals affirmed the order of the county court, stating that "[t]he term 'unreasonable noise' is not incapable of definition. Rather, it describes a noise of a type or volume that a reasonable person, under the circumstances, would not tolerate." Id. 462 N.Y.S.2d at 846, 449 N.E.2d at 740 (citations omitted). The court further stated that the standard for "unreasonable noise" is that it be " 'an assault on public sensibilities' " such that "the noise be intended to cause, or recklessly create a risk of, public
inconvenience, annoyance or alarm" and that this standard "narrows the definition [of unreasonable noise], so that no inadvertently disturbing act may be punished." Id. (citations omitted). The Court of Appeals also stated that this statute was based on the objective standard of public disturbance rather than the subjective standard of the annoyance of a particular person which could result in "enforcement according to the ' "malice or animosity of a cantankerous neighbor' " or the ' "boiling point of a particular person." ' " See Bakolas
at 846, 449 N.E.2d at 740 and the cases cited therein. (Emphasis added.)
The Court of Appeals also rejected the overbreadth claim, stating:
 "Although the facts recited in the information involve speech, protected speech may be restricted as to time, place and manner (Heffron v. International Soc. for Krishna Consciousness, 452 U.S. 640, 647-648, 101 S.Ct. 2559, 2563-64, 69 L.Ed.2d 298; cf. Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 [1949]). The activity prohibited by section 240.20 is speech so unreasonably noisy as 'to cause public inconvenience, annoyance or alarm.' Such a prohibition is not on its face impermissibly overbroad."
462 N.Y.S.2d at 847, 449 N.E.2d at 741. (Some citations omitted.) Likewise, the Alabama law is "designed to protect thepublic from being annoyed, inconvenienced or alarmed." Commentary to § 13A-11-7. (Emphasis added.) Each of the provisions of § 13A-11-7 proscribes acts that are offensive to the public, which acts are not subject to proscription by the whim or caprice of an individual citizen. The record reveals that the complaint filed on appeal charged Sterling with "engaging in disorderly conduct with the intent to cause public inconvenience, annoyance or alarm." (C. 11.) He was not charged with intending to cause the sheriff inconvenience, annoyance, or alarm.
We note with particular interest that Sterling cites Dae WooKim v. City of New York, 774 F. Supp. 164 (S.D.N.Y. 1991), in which, he says, the United States District Court held that subdivision 2 of New York Revised Penal Law § 240.20 was unconstitutionally vague. The district court, however, made no such ruling, and, in fact, had ruled earlier that § 240.20 was not unconstitutional. 774 F. Supp. at 166. Further, this case was affirmed on appeal, Kim v. City of New York, 962 F.2d 3 (2nd Cir.), cert. denied, 506 U.S. 853, 113 S.Ct. 157,121 L.Ed.2d 107 (1992).
Section 13A-11-7, Code of Alabama 1975, which describes the offense of disorderly conduct, is not unconstitutionally vague nor overbroad.
Last, Sterling argues that § 13A-11-7(a)(2), as applied in this case, is unconstitutional because, he says, it deprived him of his First Amendment rights to free speech as guaranteed by the United States Constitution. The record does not support this argument. There is ample evidence that Sterling's voice was very loud in the hallway of *Page 75 
the courthouse. His loud voice caused employees in other offices along the hallway to stop their work. (R. 219-21; 243-47; 251-56.) Under these particular facts, we have no trouble concluding that Sterling made "unreasonable noise" in the hallway of the courthouse, for which he was ultimately arrested. Such a restriction on "unreasonable noise" was a proper time, place and manner regulation of speech. SeeBakolas, 462 N.Y.S.2d at 847, 449 N.E.2d at 741.
Sterling cites a number of cases that, he says, stand for the proposition that provocative speech directed at police officers is protected by the First Amendment. See, e.g., Hancock v.Hobbs, 967 F.2d 462 (11th Cir. 1992); City of Houston v. Hill,482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987); Norwell v.City of Cincinnati, 414 U.S. 14, 94 S.Ct. 187, 38 L.Ed.2d 170
(1973). However, each of these cases is factually distinguishable from the case before us. All of these cases involved the question whether the defendant had been arrested because of what he or she said to a police officer. In the present case, the evidence does not indicate, in any way, that Sterling was arrested because of what he said to the sheriff. Instead, it is clear that he was arrested because his conduct "inconvenienced, annoyed or alarmed" other people present in the courthouse. Sterling has not "demonstrated that [§13A-11-7(a)(2), Code of Alabama 1975] is vague as applied to his own conduct" as required by Culbreath v. State and the cases cited therein. 667 So.2d at 158.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur, except BASCHAB, J., who concurs in the result only. *Page 302