OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered April 24, 1994 modified as a matter of discretion in the interest of justice, to reduce the sentence to time served, and otherwise affirmed.
Defendant was convicted, after a bench trial, of attempted aggravated disorderly conduct (Penal Law §§ 110.00, 240.21),* a class B misdemeanor, upon evidence, inter alia, that she and several others ascended the altar, spoke loudly in an effort to "drown out” the liturgy, and "approached” and "crowded” parishioners, in protest of what defendant anticipated would be a service "honoring gay pride”.
The trial court properly rejected the defendant’s proffered defense of justification under Penal Law § 35.05 (2), which, in certain limited circumstances, provides that conduct that would otherwise be illegal may be justified as necessary to *856 avoid a greater evil (see, People v Craig, 78 NY2d 616). Viewed from a purely objective standpoint (People v Craig, supra, at 622), the alleged harm sought to be avoided by defendant’s actions — described by defendant as the "sacrilege” inherent in the anticipated content of the religious service — did not constitute an "imminent public or private injury” within the meaning of Penal Law § 35.05 (2) (supra, at 623-625). Nor can the defendant’s unlawful conduct reasonably be viewed as "a necessary choice over alternative, legal courses of action designed to effect a change” in ecclesiastic policy (supra, at 624). Simply put, the defendant’s moral convictions did not justify her criminal behavior.
Inasmuch as the trial court correctly ruled as a threshold legal matter that a justification defense did not lie, its refusal to admit the expert testimony and documentary evidence offered by defendant in support of the defense was not error.
For reasons stated in the decision of Judge Barbara F. Newman in denying the joint pretrial dismissal motion of defendant and codefendant Morrisey (People v Morrisey, 161 Misc 2d 295), we agree that defendant’s constitutional challenges to Penal Law § 240.21 are lacking in merit. With respect to defendant’s Establishment Clause argument, we additionally note that to the extent the misdemeanor classification of Penal Law § 240.21 affords greater protection to those attending worship services than is generally available to those attending secular .meetings (compare, Penal Law § 240.20 [4], with Election Law § 5-204 [9]; § 17-168; see also, Penal Law § 240.30 [3]), the statute does not impermissibly advance religion over nonreligion (see, Carter v Peters, 26 F2d 697, cert denied 513 US 1003; see generally, Lemon v Kurtzman, 403 US 602).
As to sentencing, considering the defendant’s age of 73 years and the nature of the attempt crime involved, we find it appropriate to reduce the jail term to time served.
Parness, J. P., McCooe and Freedman, JJ., concur.

 Penal Law § 240.21, headed "Disruption, or disturbance of religious service”, reads as follows: "A person is guilty of aggravated disorderly conduct, who makes unreasonable noise or disturbance while at a lawfully assembled religious service or within one hundred feet thereof, with intent to cause annoyance or alarm or recklessly creating a risk thereof.”