The People of the State of New York, Respondent,
against
Sergei Khramstov, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, J.), rendered October 23, 2014, convicting him, upon his plea of guilty, of disruption or disturbance of religious service, and imposing sentence.




Per Curiam.
Judgment of conviction (Alexander M. Tisch, J.), rendered October 23, 2014, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the information "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with disruption or disturbance of a religious service (see Penal Law § 240.21). The instrument recited that defendant "enter[ed] the Church of the Sacred Heart," "during [a] church service," which was attended by "at least forty people" and "disrupted the service" by "walk[ing] up to the altar, screaming loudly, and flailing his arms." These allegations were sufficient for pleading purposes to establish that defendant made an "unreasonable noise or disturbance while at a lawfully assembled religious service ... with intent to cause annoyance or alarm or recklessly creating a risk thereof" (Penal Law § 240.21; see People v Bakolas, 59 NY2d 51, 54 [1983]; People v McDaniel, 161 Misc 2d 295, 303 [Crim. Ct., NY County 1994], aff'd as modified 172 Misc 2d 854 [App Term, 1st Dept 1997], lv denied 90 NY2d 895 [1997]). Contrary to defendant's present claim, there is no requirement that there be allegations that a priest or other minister was preaching at the altar, that rituals were being performed or that parishioners were caused to leave (see William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.21; People v King, 148 Misc 2d 859, 861 [Crim. Ct., NY County 1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 16, 2018