People v Branch (2025 NY Slip Op 50639(U))

[*1]

People v Branch (Elisha)

2025 NY Slip Op 50639(U)

Decided on April 25, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2022-818 K CR

The People of the State of New York, Respondent,
against
Elisha Branch, Appellant. 

Appellate Advocates (Tina Peng and Alice Cullina of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Morgan J. Dennehy and Melissa Owen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Melissa T. Lewis, J.), rendered August 25, 2022. The judgment convicted defendant, after a nonjury trial, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine and surcharge, if paid, are remitted.
In an accusatory instrument charging defendant with disorderly conduct (Penal Law § 240.20 [2]), a police officer alleged that, on July 8, 2022 at approximately 8:46 p.m. at 5 Fleet Walk, Kings County, New York, defendant "was observed playing loud music from a portable device without a permit." Following a nonjury trial, the Criminal Court (Melissa T. Lewis, J.) found defendant guilty and imposed sentence. On appeal, defendant contends, among other things, that the factual part of the accusatory instrument is jurisdictionally defective. 
Pursuant to Penal Law § 240.20 (2), "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof [she] makes unreasonable noise." "A person acts recklessly with respect to a result" when he or she "is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstances exists" (Penal Law § 15.05 [3]). The phrase "unreasonable noise describes a noise of a type or volume that a reasonable person, under the circumstances, would not tolerate" (People v Bakolas, 59 NY2d 51, 53 [1983]). "[C]ritical to a [*2]charge of disorderly conduct is a finding that [the] defendant's disruptive statements and behavior were of a public rather than an individual dimension. This requirement stems from the mens rea component, which requires proof of an intent to threaten public safety, peace or order (or the reckless creation of such a risk)" (People v Baker, 20 NY3d 354, 359 [2013]; see Bakalos, 59 NY2d at 54 ["section 240.20 by its requirement that the noise be intended to cause, or recklessly create a risk of, public inconvenience, annoyance or alarm, narrows the definition, so that no inadvertently disturbing act may be punished"]).
Here, as the People correctly concede, the essential element of intent or recklessness with respect to disturbing public peace or order cannot fairly be inferred from the allegations, as nothing in the factual part of the accusatory instrument alleged that defendant's acts had a public dimension, which is required to support a charge of disorderly conduct (see Baker, 20 NY3d at 359; People v Sulker, 52 Misc 3d 141[A], 2016 NY Slip Op 51173[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Likewise, the allegation that the music was loud, without more, is conclusory and insufficient, as what constitutes "unreasonable noise" depends on the surrounding circumstances (see Bakolas, 59 NY2d at 53; Spinale v 10 W. 66th St. Corp., 232 AD2d 317 [1996] [finding "loud" a conclusory description of standard apartment noises that did not create a question of fact regarding unreasonable noise as defined by Bakolas]; cf. People v Nektalov, 42 NY3d 363, 368 [2024] ["Without more, the record is bereft of evidence of its basis to support the detective's conclusory belief that the tinted windows violated the law."]). Consequently, the accusatory instrument is jurisdictionally defective and must be dismissed (see People v Jones, 9 NY3d 259, 263 [2007]). 
In view of the foregoing, we pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 25, 2025