Rivera v Low Cost Vet Mobile (2025 NY Slip Op 50640(U))

[*1]

Rivera v Low Cost Vet Mobile

2025 NY Slip Op 50640(U) [85 Misc 3d 142(A)]

Decided on April 25, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 25, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S.
OTTLEY, JJ

2023-946 K C

Patricia I. Rivera, Respondent,
against
Low Cost Vet Mobile, Appellant.

Low Cost Vet Mobile, appellant pro se.
Patricia I. Rivera, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Odessa Kennedy, J.), entered May 10, 2023. The judgment, after a nonjury trial,
awarded plaintiff the principal sum of $2,500.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $2,500, the price
she paid to have defendant, a veterinary facility, perform surgery on the right leg of her
dog Zak. Plaintiff alleged that defendant mistakenly operated on Zak's left leg without
plaintiff's consent.
At a nonjury trial, plaintiff testified that, on November 2, 2021, Zak was assessed by
his primary veterinarian who found an ACL injury in Zak's right hind leg. On November
13, 2021, plaintiff filled out an intake form at defendant's facility listing an injury to
Zak's right hind leg and she discussed Zak's right hind leg injury with one of defendant's
veterinarians. Plaintiff was given a date for surgery on Zak's right hind leg as well as a
bill for the procedure, for which she paid $2,500. Plaintiff asserted that, on December 5,
2021, defendant's veterinarian performed surgery on Zak's left hind leg instead of the
right. Plaintiff testified that she did not give her consent for surgery on Zak's left leg. The
veterinarian who performed the surgery testified for defendant that, on December 5,
2021, for the first time, Zak was fully examined while under sedation. The witness stated
that it was only then that he realized that Zak had ACL injuries in both legs but that the
left leg was worse and should be taken care of first. Both the veterinarian and defendant's
owner testified that plaintiff signed a consent form for the left ACL procedure [*2]just prior to surgery. Plaintiff denied it was her signature on
the form. The Civil Court (Odessa Kennedy, J.) awarded plaintiff the principal sum of
$2,500, finding that defendant failed to treat Zak's right leg and rejecting defendant's
claim that plaintiff signed the consent form for surgery on Zak's left leg. A judgment was
entered on May 10, 2023, from which defendant appeals.
On an appeal in a small claims matter, our review is limited to determining whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (CCA 1807; see CCA 1804). Furthermore, the
determination of a trier of fact as to issues of credibility is given substantial deference, as
a trial court's opportunity to observe and evaluate the testimony and demeanor of the
witnesses affords it a better perspective from which to assess their credibility (see
Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade,
178 AD2d 510 [1991]).
We find no reason to disturb the Civil Court's credibility determination that plaintiff
did not sign the consent form purportedly giving defendant permission to operate on
Zak's left leg. Plaintiff's testimony was consistent and the court was better able to assess
the witnesses' credibility especially given the fact that defendant did not mention the
supposed consent form in its response to an email plaintiff had sent defendant asking
why defendant had operated on the left leg instead of the right. 
Defendant's remaining contentions on appeal lack merit.
In view of the foregoing, we find that the judgment awarding plaintiff the principal
sum of $2,500 rendered substantial justice between the parties (see CCA 1804,
1807).
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J. and MUNDY, J., concur.
OTTLEY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 25, 2025