OPINION OF THE COURT
B. Marc Mogil, J.
Defendant, charged with a violation of Penal Law § 240.20 *326 (3) (disorderly conduct), moved for dismissal of the information pursuant to CPL 170.30 (1) (a) and (f) and 170.35 (1) (a) and (c). Under CPL 170.35 (1) (c), the ground for challenge is that the statute defining the offense charged is unconstitutional or otherwise invalid.
By order dated March 5, 1990, the motion was held in abeyance and the court directed defense counsel to serve the Attorney-General with the instant constitutional challenge in order to provide him with the opportunity to appear in defense of the statute. The Attorney-General has chosen not to appear.
The information was sworn out by Police Officer Stephen Oswald. It states that at the Sunrise Cinema in Valley Stream, New York, the defendant shouted "fuck you” and grabbed his genitals while shouting "eat this”. The above was allegedly committed while he was standing in front of approximately 100 people including the arresting officer.
The District Attorney’s motion papers in opposition to the application set forth other circumstances in connection with the incident which have not been contradicted or denied in the defendant’s motion papers, i.e., that the incident occurred at a long ticket line to a movie theatre. Defendant tried to "cut” to the front. Cinema security stopped him and told him to go to the back of the line. While at the end of the line, defendant is said to have become boisterous and vulgar. Cinema security asked the police to ask defendant to leave the premises. When the police asked defendant to leave, he is claimed to have uttered the words and committed the act charged in the information.
Pursuant to Penal Law § 240.20 (3), "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: * * * In a public place, he uses abusive or obscene language, or makes an obscene gesture”.
Defendant’s words and action were certainly offensive and coarse. However, in light of the recent Court of Appeals decision in People v Dietze (75 NY2d 47 [1989]), this court is constrained to rule that Penal Law § 240.20 (3) is unconstitutional and to accordingly dismiss the subject information.
In Dietze (supra), a portion of the "harassment” statute was struck down. It was ruled that Penal Law § 240.25 (2) (a statute very similar to § 240.20 [3]), was unconstitutional. Pursuant to section 240.25 (2) "A person is guilty of harass *327 ment when, with intent to harass, annoy or alarm another person: * * * In a public place, he uses abusive or obscene language, or makes an obscene gesture”.
The court voided section 240.25 (2) for overbreadth because it interpreted it as prohibiting a substantial amount of constitutionally protected expression and since its continued existence presented a significant risk of prosecution for the mere exercise of free speech. The court ruled the statute was overbroad because it extended to a great deal of protected speech as well as to unprotected obscenities and "fighting words”. Speech is often abusive, vulgar, derisive and provocative yet is still protected under constitutional guarantees of free expression unless it is much more than that. The Dietze ruling set forth that unless speech presents a clear and present danger of some serious substantive evil, it may neither be forbidden nor penalized. Any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence or other breach of the peace. However, the proscription of section 240.25 (2) was not limited to such "fighting words”.
The distinction between the statute in Dietze (supra) and the one now under examination is that the former was directed to a situation where an accused intended to "harass, annoy or alarm another person” whereas section 240.20 (3) is addressed to a defendant having the "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof’. The first speaks in terms of harassment of an individual person and the second in regard to public annoyance or alarm, or a reckless risk thereof. However, in light of Dietze, the court views the variance between the statutes as slight and in effect, a distinction without a difference. The opening words to each statute do not even suggest a limitation to violence-provoking or substantial injury-inflicting utterances. Thus, the prosecution against Mr. Perkins must be terminated.
This court notes that it favors the jurisprudential approach utilized by Chief Judge Wachtler in his concurring opinion in Dietze (supra), joined in by Judge Bellacosa, rather than the majority approach. The concurring opinion agreed with the majority in result only. Chief Judge Wachtler advocated what has heretofore been the traditional view that statutes chai *328 lenged on constitutional grounds are amendable to a limiting construction and could and should be saved where possible. Courts in prior cases have often construed statutes to save them from constitutional infirmities interpreting them in a manner which trims them to their constitutional limits.