OPINION OF THE COURT
Brenda L. Dowery, J.
The issue presented here is whether subdivision (3) of the disorderly conduct statute (Penal Law § 240.20) which prohibits the use of abusive or obscene language in a public place, is unconstitutional in light of the Court of Appeals decision in People v Dietze (75 NY2d 47).
The information in this case sworn out by Police Officer Ronnie Sherman alleges that the defendant committed the offenses of disorderly conduct (Penal Law § 240.20 [3]) and *714 resisting arrest (Penal Law § 205.30). The factual portion of the information relating to the disorderly conduct charge alleges that defendant with intent to cause public inconvenience, annoyance and alarm, in a public place stated to the deponent in a loud voice, "I’ll fuck you up, get lost, you don’t know who I am”, which caused a crowd to gather and which caused public inconvenience, annoyance and alarm.
Penal Law § 240.20 (3) provides that "[a] person is guilty of disorderly conduct when with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * * [i]n a public place he uses abusive or obscene language, or makes an obscene gesture”.
Defendant seeks to dismiss the disorderly conduct charge contending that the statutory provision at issue is unconstitutional or, in the alternative, that the allegations of the information are facially insufficient to support the charge. Defendant also seeks dismissal of the resisting arrest charge and requests a Sandoval hearing.
In People v Dietze (75 NY2d 47, supra) the Court of Appeals struck down a subdivision of the harassment statute, Penal Law § 240.25 (2), which provides that "[a] person is guilty of harassment when, with intent to harass, annoy or alarm another person * * * [i]n a public place, he uses abusive or obscene language, or makes an obscene gesture” (emphasis supplied).
Relying on the Court of Appeals holding in Dietze (supra), defendant argues that the disorderly conduct statute which contains similar language is likewise unconstitutional. This court disagrees.
Certain types of speech fall outside the scope of the State and Federal constitutional guarantees of free expression and may be prohibited by legislation. These so-called "fighting words” have been defined by the Supreme Court of the United States as those words which by their very utterance inflict injury or tend to incite an immediate breach of the peace (see, Gooding v Wilson, 405 US 518; Lewis v City of New Orleans, 415 US 130). This is precisely the type of speech prohibited by Penal Law § 240.20 (3).
Section 240.20 (3) prohibits words spoken with the intent to cause a public disturbance. The statute imposes an objective standard of public inconvenience, annoyance and alarm as opposed to the subjective standard of private or individual annoyance, a critical distinction recognized by the Court of Appeals in Dietze (supra).
The majority opinion in Dietze (supra) reasoned that the *715 proscriptions of subdivision (2) of the harassment statute encompassed constitutionally protected speech. The court explained that a criminal statute’s proscriptions cannot, on its face, permit prosecution for the exercise of free speech unless the statute’s proscriptions are limited to so-called "fighting words” as they have been defined by the United States Supreme Court. (See, People v Dietze, supra, at 52.) The court found that abusive words said simply to annoy a person fall within the protections of constitutional free speech because they do not amount to "fighting words”. Accordingly, since the statute on its face would apply to such protected speech the court held it to be unconstitutionally overbroad. The majority recognized the presumption of constitutionality and the judicial responsibility to construe a statute, if possible, to save it from constitutional infirmities. However, the court concluded that such judicial construction would render the statute unacceptably vague.
Following the Court of Appeals decision in Dietze (supra), a number of lower courts have found Penal Law § 240.20 (3) to be also unconstitutionally overbroad based on the similarity of the acts proscribed by the two statutes. (See, People v Blanchette, 147 Misc 2d 50; People v Cody, 147 Misc 2d 588; People v Perkins, 147 Misc 2d 325; People v Peralta, NYLJ, Feb. 1, 1991, at 22, col 6.)
However, in this court’s view the cited cases fail to recognize the critical distinction between the type of intent covered by the two statutes. Contrary to the harassment statute which speaks in terms of an individual’s annoyance, the disorderly conduct statute speaks in terms of public nuisance and breach of peace. Thus, the disorderly conduct statute, in contrast to the harassment statute, is based on an objective standard which requires some public disturbance or threat to the public peace recognized by the Court of Appeals as the type of speech which can be proscribed within constitutional limits (see, People v Dietze, supra, at 52).
This analysis is consistent with the reasoning of the Court of Appeals in People v Bakolos (59 NY2d 51). In Bakolos, the constitutionality of the unreasonable noise subdivision of the disorderly conduct statute was at issue. Arguing the statute is unconstitutional, the defendants cited the case of People v New York Trap Rock Corp. (57 NY2d 371), which struck down a town noise control ordinance. However, that ordinance, like the Dietze statute, provided a subjective standard, the annoyance of a person, rather than an objective standard of public *716 disturbance. Recognizing the distinction between a public versus a private breach of the peace, the Bakolos court rejected defendant’s argument and upheld the unreasonable noise statute. The same distinction applies to the instant defendant’s argument that the holding in People v Dietze (supra) mandates a finding of unconstitutionality in this case.
This court is required to recognize the strong presumption favoring the constitutionality of a statute (Fenster v Leary, 20 NY2d 309; People v Pagnotta, 25 NY2d 333) and notes that, wherever possible, statutes should be construed in accord with constitutional requirements (People v Liberta, 64 NY2d 152). Moreover, in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt (People v Pagnotta, supra, at 337). In this court’s opinion the statute clearly passes constitutional muster since it applies only to language that the State is permitted to restrict.
Accordingly, defendant’s motion to dismiss the disorderly conduct charge based on his contention that the statute is unconstitutional is denied. In addition, the court finds that allegations of the information are sufficient to fall within the proscription of the statute.
Inasmuch as the disorderly conduct statute is not unconstitutionally overbroad and the allegations of the information fall within the proscription of the statute, defendant’s contention that the resisting arrest charge must be dismissed is clearly without merit.
Accordingly, the motion to dismiss counts 1 and 2 is denied. The application for a Sandoval hearing is granted, such hearing to be held immediately prior to the commencement of trial.