OPINION OF THE COURT
John J. Connell, J.
The District Attorney has made an application pursuant to CPL 400.27 (13) (b) directing the defendant to file a notice by July 27, 1998 if the defense intends to offer psychiatric evi *815 dence at the penalty phase of the trial of this indictment scheduled to begin on September 1, 1998. The defendant opposes the application of the People, asking this court, among other things, to delay any application to file such a notice until the completion of the guilt phase of the trial.
CPL 400.27 (13) (b) requires either party intending to offer psychiatric evidence to file a notice of that intent “within a reasonable time prior to trial”. The notice also requires a “brief but detailed statement specifying the witness, nature and type of psychiatric evidence sought to be introduced.” (CPL 400.27 [13] [b].) The statute also allows the District Attorney to make an application to have the defendant submit to a psychiatric exam for rebuttal purposes, should the defendant file such a notice.
In this case, the defendant has affirmatively stated that there will be no psychiatric evidence submitted by him during the guilt phase of the trial.
The defendant is charged with murder in the first degree under section 125.27 (1) (a) (vii) and (b) of the Penal Law, the so-called “commander” section. His wife, Monica Szlekovics, was previously charged and tried for the same charge involving the same incident. She had filed a psychiatric notice under CPL 250.10 since the District Attorney was not seeking the death penalty against her. That notice resulted in the court granting the People’s application to have her examined by their independent psychiatrist. The results of those examinations of Monica Szlekovics, as well as her own psychiatric examinations, have been provided to the defendant Mateo in this case by previous order of this court.
If this court were to require the defendant to file a notice as requested by the People at this stage of the proceedings, the People would certainly request the opportunity to have the defendant examined by their psychiatrist. Of necessity, the examinations that would follow such an order would touch on the interaction between the defendant and Monica Szlekovics, the hierarchy between the two during the timing of this alleged “command” killing, and the areas of inquiry the People intend to pursue under People v Ventimiglia (52 NY2d 350), as outlined by them in previously filed papers before this court.
There is nothing in the statute that would prevent an adjournment between the guilt phase and, if needed, the penalty phase of this trial. To require the defendant to file this notice before the guilt phase under the facts in this case would be unfairly prejudicial to the defense.
*816 Accordingly, this court will defer the defense obligation to file a notice under CPL 400.27 (13) until the completion of the guilt phase of the capital trial. Should that notice be filed at that time, this court will give adequate opportunity to the People to have the defendant examined by a psychiatrist of their choosing and to prepare for the sentencing phase. This court also puts both sides on notice at this point that in anticipation of such a notice, preliminary preparations should be made by both sides to deal with the eventuality of hiring psychiatric witnesses on these issues.