*187 OPINION OF THE COURT
Arthur J. Cooperman, J.
On June 11, 1999, defendant was convicted, after trial, of the crimes of murder in the first degree (six counts), murder in the second degree (six counts), attempted robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.
Later that day, defendant served and filed notice of his intention to introduce, at the sentencing phase of this capital case prosecution, testimony of a school psychologist who conducted an I.Q. test of him in 1994. and testimony regarding his participation in a program for students with learning disabilities.
The People now seek an order (1) directing defendant to submit to an examination by a licensed psychologist, pursuant to CPL 400.27 (13) (c), in order for them to rebut the evidence that defendant seeks to introduce, and (2) imposing monetary sanctions by reason of defendant’s untimely notice.
CPL 400.27 (13) (b) provides that when a party intends to offer psychiatric evidence, he must, within a reasonable period of time prior to trial, serve upon the other party and file with the court, a written notice of intention to present psychiatric evidence.
When a party serves such notice, the District Attorney may apply to the court for an order directing that the defendant submit to an examination by a psychiatrist, licensed psychologist or licensed psychiatric social worker designated by the District Attorney, for the purpose of rebutting evidence offered by the defendant with respect to a mental disease, defect or condition in connection with either a mitigating factor or that defendant was under the influence of alcohol or any drug.
During the guilt phase of the trial, defendant had sought to introduce the results of the I.Q. test. This court precluded defendant — who vigorously contended that the subject matter was not psychiatric evidence — from doing so for failure to serve written notice pursuant to CPL 250.10.
The court found that the evidence did, in fact, constitute “psychiatric evidence”, bringing it within the ambit of CPL 250.10 (1) (see, People v Sian Mai, 175 AD2d 692; People v Oakes, 168 AD2d 893).
That evidence is no less “psychiatric evidence” at the sentencing stage (CPL 400.27 [13] [a]). At that proceeding, the defense *188 may offer any evidence relevant to any mitigating factor set forth in CPL 400.27 (9).
Defendant does not now argue that the proof sought to be introduced by him is not psychiatric evidence. However, he couches his position by embracing the- definition of a mitigating factor as set forth in CPL 400.27 (9) (f), as follows: “Any other circumstance concerning the crime, the defendant’s state of mind or condition at the time of the crime, or the defendant’s character, background or record that would be relevant to mitigation or punishment for the crime.”
Defendant claims that the nature of the evidence is documentary and does not require notice under the statute.
The People argue that subdivision (9) (b) of that portion of the statute sets forth the appropriate mitigating factor definition. CPL 400.27 (9) (b) provides the following definition of a mitigating factor: “The defendant was mentally retarded at the time of the crime, or the defendant’s mental capacity was impaired or his ability to conform his conduct to the requirements of law was impaired but not so impaired in either case as to constitute a defense to prosecution.”
In any event, whatever mitigating factor is denominated, the proof still remains psychiatric evidence, which triggers the notice requirement found in CPL 250.10 and 400.27.
Had defendant given notice prior to the guilt stage, the necessity for the People to rebut that psychiatric evidence during that proceeding would have been more compelling. In that situation, the court would have granted an application to examine defendant because issues regarding the voluntariness of defendant’s statements raised by his I.Q. level would have made imperative an examination of him by the People.
However, at this sentencing stage, where notice has been given of an intention to offer evidence of a report that had been in place at the time of the crime and was not created in behalf of the defense, the considerations are different. An examination by the People at this time will generate information about defendant’s present condition that will not be relevant to the mercy quality of the 1994 test results.
Although defense counsel’s maneuvering regarding the report in each instance only served to avoid the statutory requirements, and the justification offered for doing so did not reach the level of forthrightness that one would expect, monetary sanctions will not be imposed.
Accordingly, the People’s motion is denied in all respects.