OPINION OF THE COURT
William H. Bristol, J.
By notice of motion dated January 18, 2000 Howard R. Rel-in, Esq., District Attorney of the County of Monroe, by Kenneth C. Hyland, Esq., Assistant District Attorney, moves this court for an order pursuant to CPL 400.27 (13) (b) “directing the defendant to file a notice by February 1, 2000 if the defense intends to offer psychiatric evidence at the penalty phase of the above-indictment [sic].” In his response dated and filed January 28, 2000, Deputy Capital Defender, Thomas J. Kidera, Esq., opposes the prosecution’s request and seeks to have this court issue an order deferring “his obligation to file Notice Pursuant [sic] to CPL §400.27(13) until the completion of the guilt-innocence phase of his capital trial.” Furthermore, defense counsel seeks an order declaring CPL 400.27 (13) (b) “unconstitutional under both the United States Constitution and the New York Constitution.”
With regard to the latter request, this court is mindful that: “[I]n order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt.” (People v Baker, 150 Misc 2d 713, 716 [1991], citing People v Pagnotta, 25 NY2d 333, 337 [1969]; see also, Matter of VanBerkel v Power, 16 NY2d 37, 40 [1965].) “An enactment of our Legislature is presumed to be valid and the heavy burden of demonstrating that a statute is unconstitutional rests with the one seeking to invalidate the statute [citations omitted].” (People v Bright, 71 NY2d 376, 382 [1988].)
Defense arguments, as articulated in his paragraph 15 on this issue, offer no precedent nor any argument that, in this court’s judgment, meets the “heavy burden” required. Specifically, there is no real showing that somehow the sanction provisions of CPL 400.27 (13) in fact drive any sort of “wedge” between an attorney and her/his client. Moreover, the defendant fails to present any argument that convincingly describes just exactly how the statute “unfairly discriminates between wealthy attorneys and those who are less affluent,” and why such discrimination, if it exists, is unconstitutional.
*717 With regard to defense counsel’s request for deferment of the service of this notice, the court notes that the language of the statute is mandatory; it does not vest in the court any discretion. In connection with a mitigating factor, CPL 400.27 (13) (b) states: “When either party intends to offer psychiatric evidence, the party must, within a reasonable time prior to trial, serve upon the other party and file with the court a written notice of intention to present psychiatric evidence. The notice shall include a brief but detailed statement specifying the witness, nature and type of psychiatric evidence sought to be introduced.”
CPL 400.27 (13) (b) finds its logical cognate in CPL 250.10. This provision, the Court of Appeals has written, “contemplates timely disclosure so that the trier of fact may benefit, after psychiatric issues are sharpened and engaged to the fullest extent possible (see also, CPL 240.20 [Discovery; upon demand of defendant]). At the other extreme, and to be avoided, lies the prospect of psychiatric hide and seek.” (People v Almonor, 93 NY2d 571, 581-582 [1999].) Judge Rosenblatt wrote, in Almonor (supra, at 577-578), that: “The Legislature enacted CPL 250.10 to promote procedural fairness and orderliness. The statute is designed to create a format by which psychiatric evidence may be prepared and presented manageably and efficiently, eliminating the element of surprise.”
Notwithstanding that this is a capital case, and that the notice requirements of CPL 400.27 (13) apply to the so-called penalty phase of the trial, should that be necessary, the policies which underlie CPL 250.10 — fairness and orderliness in a criminal trial — apply with equal, if not greater, importance to the present case. Like those of CPL 250.10, the requirements of CPL 400.27 (13) allow the People to prepare in a timely manner — that is to say, a fair and orderly way — to conduct a meaningful examination prior to the penalty phase of the trial, should such stage be reached. (See, People v Almonor, supra, at 580.)
Fundamental fairness requires that all parties are entitled to avoid trial by surprise, ambush and unfair advantage. Requiring the notice as described in this section, and the “brief but detailed statement specifying witnesses, nature and type of psychiatric evidence sought to be introduced” does not implicate either defendant’s right to remain silent or his right to counsel. This notice does not give “access to such a probing psychological examination of Mr. Santiago prior to the guilt phase” thus unfairly benefitting the prosecution; it does not *718 help the prosecution to prepare its guilt/innocence phase of the trial or give any substantial information to the prosecution about Mr. Santiago’s “account of his activities on March 1, 1999.” In and of itself, the notice merely allows the prosecution to anticipate and plan for possible psychiatric mitigation issues while eliminating the need to assemble and prepare potential assets and resources for mitigation issues that will not be raised in the penalty phase, should such be necessary. It furthers the court’s ability to comply with CPL 400.27 (1) which requires in the case of a conviction that “the court shall promptly conduct a separate sentencing proceeding” (emphasis supplied).
This court notes that the Legislature, in its wisdom, made the language of CPL 400.27 (13) (b) mandatory. It states that the party “must” serve the notice. It states that such notice must be made within a “reasonable time prior to trial.” It is not for a court to legislate a different statute.*
A pool of potential jurors has been summoned to appear before this court on February 3, 2000 to answer questionnaires. Trial commences with individual voir dire scheduled on and after March 1, 2000. Requiring that CPL 400.27 (13) (b) notice be served now meets the “reasonable time prior to trial” requirement of this statute.
Accordingly, the motion of the People directing the defendant to file a notice pursuant to CPL 400.27 (13) (b) must be, and hereby is, granted.

 In People v Mateo (177 Misc 2d 814 [1998]) my distinguished and thoughtful colleague, Honorable John J. Connell, came to a different conclusion on the same issue presented herein. Most respectfully and reluctantly do I disagree with that decision. And, this court notes, that this court’s disagreement applies only to the extent that this decision deals with the notice requirement of the statute. CPL 400.27 (13) (c) is a bridge which having not been reached need not now be crossed.