OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. The People sought an order requiring defendant before trial to file a notice of defendant’s intention to offer psychiatric evidence pursuant to CPL 400.27 (13). Defendant opposed the People’s motion and cross-moved for an order declaring CPL 400.27 (13) unconstitutional. (See US Const 5th, 6th, 8th, 14th Amends; NY Const, art I, §§ 2, 5, 6, 11.)
*495 On the record defendant acknowledged that he did not intend to offer psychiatric evidence during the guilt phase of trial, and to date has not filed a notice of intent to proffer psychiatric evidence pursuant to CPL 250.10. This court held that defendant was required to file a CPL 400.27 (13) notice after the scheduled deadline to empanel a jury, but before the commencement of opening statements.[1] Since that ruling, due to the serious illness arid ultimate substitution of defendant’s lead counsel, this court took nearly a 10-week adjournment in the middle of individual voir dire.[2] (See CPL 270.16 [1].)
In a new motion, defendant seeks an amended ruling in view of the court’s adjournment. The People oppose, arguing that CPL 400.27 (13) mandates notice before resumption of individual voir dire.
CPL 400.27 (13) (b) provides in part:
“When either party intends to offer psychiatric evidence, the party must, within a reasonable time prior to trial, serve upon the other party and file with the court a written notice of intention to present psychiatric evidence. The notice shall include a brief but detailed statement specifying the witness, nature and type of psychiatric evidence sought to be introduced.” (Emphasis added.)
Upon notice, the statute permits the People to apply for an order directing a defendant to submit to a psychiatric examination for the rebuttal purposes. (CPL 400.27 [13] [c].) Here, the People maintain they have not decided whether they will seek such an order.
This court recognizes there are differing opinions on the CPL 400.27 (13) notice requirement. (Compare People v Santiago, 183 Misc 2d 715 [Monroe County Ct 2000], supra; People v McCoy, Suffolk County Ct, Apr. 13, 2000, Ohlig, J. [strictly construing CPL 400.27 (13) to mandate notice be filed before the commencement of individual voir dire in the guilt phase of trial], with People v Bell, 181 Misc 2d 186, 188 [Sup Ct, Queens *496 County 1999] [where the court permitted a defendant to introduce a psychiatric report “in place at the time of the crime” at the sentencing phase of trial, even though he did not file a CPL 400.27 (13) notice until after his conviction, and refused to impose monetary sanctions on defendant despite his apparent intentional late filing]; People v Mateo, 177 Misc 2d 814 [Monroe County Ct 1998] [where the court deferred defendant’s obligation to file a CPL 400.27 (13) notice until the completion of the guilt phase of trial].)
This court shall require defendant to serve and file a notice of defendant’s intention to offer psychiatric evidence at the penalty phase of his capital trial before the presentation of evidence at the guilt phase. This ruling sufficiently complies with the mandate of CPL 400.27 (13) without “unfairly prejudic[ing] * * * the defense.” (Cf. People v Mateo, supra, at 815.) As CPL 400.27 (13) (c) specifically states, an application for a psychiatric examination of the defendant, including its timing, is subject to further order of this court. (Id.; see People v McCoy, supra, slip opn, at 3.)
For the foregoing reasons, the People’s motion entitled DA-3 and defendant’s cross motion is denied. Defendant’s motion entitled DEF-59 is granted. Defendant shall be required to serve and file a CPL 400.27 (13) notice after the empanelment of the jury, but before the parties’ opening statements scheduled for March 21, 2001.

. On September 1, 2000 this court on the record set November 8, 2000 as the deadline for defendant to file notice of his intent to offer psychiatric evidence at the penalty phase of trial. The date set by the court actually was two weeks before the scheduled opening statements, simply because there was a two-week adjournment originally built into the trial schedule between the empanelment of a jury and opening statements. This court also implicitly rejected defendant’s constitutional challenge to CPL 400.27 (13). (See People v Santiago, 183 Misc 2d 715 [Monroe County Ct 2000].)

. Individual voir dire of prospective jurors commenced on September 27, 2000 and resumed on January 10, 2001 after the lengthy adjournment.