OPINION OF THE COURT
Kenneth H. Lange, J.
The defendant stands accused under Indictment No. 1352/ 2000 of murder in the first degree (six counts), murder in the second degree (three counts), attempted murder in the first *258 degree (three counts), attempted murder in the second degree and attempted assault in the first degree.
It is alleged that on September 3, 2000, the defendant intentionally caused the deaths of three individuals and attempted to cause the death of a fourth individual. It is also alleged that, prior thereto, on July 2, 2000 the defendant attempted to cause serious physical injury to one of the murder victims by attempting to drive an automobile into her.
Motion Pursuant to CPL 400.27 (13) (b)
By order to show cause with accompanying affirmation in support, the People move for an order: (1) requiring the defendant to timely serve notice pursuant to CPL 400.27 (13) (b) of any intention on his part to offer psychiatric evidence at a penalty phase of this proceeding, should a penalty phase become necessary. The defendant opposes this application.
The People’s motion is disposed of as follows: In a decision and order of this court dated June 29, 2001, defendant’s time to file notice of intent to proffer psychiatric evidence pursuant to CPL 250.10 was extended to August 1, 2001. Following that decision, defendant did not file a notice of intent to offer psychiatric evidence pursuant to CPL 250.10. Jury selection commenced in this case on September 9, 2002. Starting on that date, a pool of potential jurors has continuously been appearing before the court to complete questionnaires. Individual voir dire of prospective jurors on other than medical and hardship claims has not commenced, but will likely begin in several weeks. Defendant has asserted in an affirmation in response to the People’s application that “at present, the Defense has no intention — not even a nascent or colorable intention — of presenting psychiatric evidence at trial.” (Affirmation of Alba S. Johnson, Esq., Sept. 25, 2002, at 1, 2.)
CPL 400.27 (13) (b) provides: “When either party intends to offer psychiatric evidence, the party must, within a reasonable time prior to trial, serve upon the other party and file with the court a written notice of intention to present psychiatric evidence.”
This court is mindful that other courts faced with this issue have interpreted what is reasonable under the CPL 400.27 (13) notice requirement differently. (People v Owens, 187 Misc 2d 494; People v Mateo, 177 Misc 2d 814; People v Santiago, 183 Misc 2d 715.) As noted by Justice Bristol in People v Santiago (supra at 718):
“the notice merely allows the prosecution to antici *259 pate and plan for possible psychiatric mitigation issues while eliminating the need to assemble and prepare potential assets and resources for mitigation issues that will not be raised in the penalty phase, should such be necessary. It furthers the court’s ability to comply with CPL 400.27 (1) which requires in the case of a conviction that ‘the court shall promptly conduct a separate sentencing proceeding * * * ’.”
This court concurs with Justice Bristol’s reasoning and shall require defendant to serve and file notice of defendant’s intention to offer psychiatric evidence at the penalty phase of this capital trial on or before October 31, 2002. Mandating such a deadline meets the requirement of the statute that notice be served within a “reasonable time prior to trial” (CPL 400.27 [13] [b]).
Accordingly, the People’s motion directing the defendant to file a notice pursuant to CPL 400.27 (13) (b) is hereby granted to the extent that defendant has until October 31, 2002 to serve and file such notice. After that date, the court may impose, in its discretion, monetary sanctions for any intentional failure to conform with this order. (CPL 400.27 [13] [b].)