People v Bieneme (2025 NY Slip Op 51457(U))

[*1]

People v Bieneme

2025 NY Slip Op 51457(U)

Decided on September 15, 2025

County Court, Tompkins County

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2025
County Court, Tompkins County

The People of the State of New York,

against
Olvin Bieneme, Defendant.

Ind. No. 70451-24

Luke Z. Fenchel, Esq., Attorney for Defendant
Andrew R. Kelly, Esq., Tompkins County Assistant District Attorney

Scott A. Miller, J.

Defendant Olvin Bieneme stands indicted for, inter alia, Driving While Ability Impaired by Drugs in violation of Vehicle and Traffic Law §1192(4). The People have indicated their intention to call Cherry A. Tsai, Ph.D., Forensic Scientist III with the New York State Police Forensic Investigation Center, as their sole toxicology expert witness.
Certified NYS forensic laboratory records reflect that Heidi E. Greiger, B.S., Forensic Scientist III, performed the initial Immunoassay Drug Screen (ELISA) on the defendant's blood between September 5 and September 9, 2024. That screen tested for a host of controlled substances — amphetamines, benzodiazepines, opioids, cocaine, fentanyl, methadone, among others — and returned positive results only for cannabinoids, excluding the presence of the other drug classes. Dr. Tsai then performed Liquid Chromatography / Tandem Mass Spectrometry (LCMS) between September 17 and September 19, 2024. Her analysis confirmed and quantified Delta-9-tetrahydrocannabinol (THC) (20.2 ± 3.8 ng/mL), 11-hydroxy-delta-9-THC (7.0 ± 1.6 ng/mL), and 11-nor-9-carboxy-delta-9-THC (98 ± 20 ng/mL).
Although the People do not intend to call Greiger, Dr. Tsai is qualified to testify concerning the results of Greiger's testing as part of her own testimony regarding the complete toxicology analysis and report prepared by the NYS forensic laboratory. Greiger performed the initial immunoassay screen, while Dr. Tsai conducted the confirmatory LCMS testing and authored and signed the final integrated toxicology report that incorporates both stages of analysis. This reflects a common reality of modern forensic practice where multiple analysts may perform different steps of the process, but a sole testifying scientist often bears the responsibility for providing all of the courtroom testimony. See, People v. Brown, 13 NY3d 332 (2009); People v. John, 27 NY3d 294 (2016).
On September 9, 2025, the People, defense counsel, and the defendant appeared before this Court for an on-the-record CPL Article 245 discovery inquiry. Defense counsel questioned [*2]whether the People's expert disclosure satisfied CPL §245.20(1)(f). The defense contends it does not, the People contend it does. The People acknowledged that their expert disclosure consists of the certified toxicology report authored and signed by Dr. Tsai, which incorporates both her quantitation and Greiger's immunoassay results. The People maintain that this disclosure is sufficient under the statute. The defense argues that the People are also required to disclose a separate written summary of the expected expert opinion testimony and the basis thereof. The Court directed both parties to submit memoranda by September 12, 2025, which they did. The matter is now fully submitted and ripe for decision.
The law governing this dispute is straightforward, even if its application here is novel. CPL §245.20(1)(f) provides:
Expert opinion evidence, including the name, business address, current curriculum vitae, a list of publications, and a list of proficiency tests and results administered or taken within the past ten years of each expert witness whom the prosecutor intends to call as a witness at trial or a pre-trial hearing, and all reports prepared by the expert that pertain to the case, or if no report is prepared, a written statement of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. CPL §245.20(1)(f).
The Court agrees with the People that the toxicology report signed by Dr. Tsai is a "report" within the meaning of CPL §245.20(1)(f), and that no further written summary is technically required. Their disclosure to date therefore complied with the statute. The People have acted in good faith and exercised due diligence, and their initial statement of readiness pursuant to CPL §30.30 was valid when made and remains valid now. There is, accordingly, no speedy trial violation.
However, toxicologists in prosecutions under VTL §1192(4) are routinely permitted to testify regarding the pharmacology of the drug identified, its general impairment potential, and, if properly disclosed, any correlation between toxicology results, field sobriety performance, and indicia of impairment observed by law enforcement. See, People v. Caden N., 189 AD3d 84, 95—97 (3rd Dept. 2020). Such testimony extends beyond raw laboratory numbers to opinions that link those numbers with impairment of driving ability, and thus should be clearly disclosed prior to trial.
Consequently, the applicability of CPL §245.20(1)(f) cannot operate in a vacuum. Its requirements must be read against the backdrop of constitutional guarantees of due process and the overarching principle of fundamental fairness. The toxicology report presents numbers — THC concentrations to a tenth of a nanogram — but says nothing about how those numbers will be connected to the ultimate issue of impairment. The report is, in essence, a laboratory readout of blood test results; it sheds no light on what opinions the expert may ultimately offer that are relevant to the material issues at trial. The distinction between raw data and opinion testimony is critical, because only the latter will aid the jury in determining whether the defendant was impaired within the meaning of the statute. That gap matters.
Fundamental fairness and due process forbid trial by ambush. As the Fourth Department recently explained, "the purpose of and justification for the new criminal discovery rules was specifically to eliminate trial by ambush and to remedy inequities by mandating earlier and broader discovery obligations by the prosecution, increasing efficiency in prosecutions and [*3]fairness to both sides." People v. Heverly, 224 AD3d 1243, 1246 (4th Dept. 2024). The Court of Appeals has similarly recognized that disclosure statutes are intended to "shield the People from trial by ambush" while promoting procedural orderliness and fairness. People v. Rodriguez, 3 NY3d 462, 468 (2004). And as one trial court aptly observed, "fundamental fairness requires that all parties are entitled to avoid trial by surprise, ambush and unfair advantage." People v. Santiago, 183 Misc 2d 715, 717 (Monroe Cty. Ct. 2000).
Due process and fundamental fairness require more than technical compliance with CPL §245.20(1)(f). The defendant is entitled to some notice with respect to the substantive nature of the People's expert toxicologist's testimony. The defendant should not have to guess or deduce the testimony based solely upon the numerical data concentrations of Delta-9-tetrahydrocannabinol, 11-hydroxy-delta-9-THC, and 11-nor-9-carboxy-delta-9-THC.
This is not an onerous burden upon the People; compliance can be accomplished with a paragraph or two prepared by the Assistant District Attorney summarizing the scope of the expected opinion testimony. While the Court recognizes it may be setting local precedent in DWAI—drug cases where the defense affirmatively seeks additional expert disclosure, the preparation of a brief summary now is far less burdensome than the dozens of hours of appellate briefing and litigation that would inevitably follow if this issue were left to arise post-verdict. By way of example, a generic expert disclosure might read as follows:
Dr. Jen R. Ick, Ph.D., Forensic Scientist III, is expected to testify concerning her toxicological analysis of a blood specimen submitted in this case. Dr. Ick will explain the pharmacological effects of a commonly used controlled substance on the central nervous system, including potential impacts on perception, coordination, reaction time, and judgment relevant to the operation of a motor vehicle. She will testify to the laboratory procedures performed, the results obtained, and will offer her opinion that the concentrations detected are consistent with use of the substance prior to the time of testing. Dr. Ick will further explain how such concentrations, when considered alongside behavioral observations, will support a conclusion that defendant's ability to operate a motor vehicle was impaired by a drug.[FN1]
Finally, CPL §245.80 expressly empowers this Court to impose "such remedy or sanction as is appropriate" for discovery violations. The Court of Appeals has emphasized that "Although the choice of 'appropriate' action is committed to the sound discretion of the trial court, as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm." People v. Kelly, 62 NY2d 516, 520 (1984). Where CPL §245.80 controls, the remedy must be "appropriate and proportionate to the prejudice suffered by the party entitled to disclosure." People v. Bay, 41 NY3d 200, 214 (2023). Newly amended CPL §245.50(1) provides that "[n]o adverse consequences to the prosecution ... shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article." People v. Rhoomes, 86 Misc 3d 1259 (NY Crim. Ct. 2025). The Third Department has upheld preclusion of expert testimony where statutory notice requirements were ignored, finding no [*4]abuse of discretion in such a remedy. People v. Yates, 290 AD2d 888, 891 (3rd Dept. 2002).
To reiterate, this Court does not find that the People have violated their discovery obligations in any way and they are in compliance with CPL §245.20(1)(f). The supplemental disclosure required here is a proportionate, intermediate measure envisioned by CPL §245.80— but is being ordered here, not due to any discovery violation, but in order to ensure that the defendant is provided with a fair trial comporting with fundamental due process.
To borrow from Justice Oliver Wendell Holmes, Jr., "the life of the law has not been logic: it has been experience." The Common Law at 1 (1881). The experience of this Court is that when parties understand in advance what the expert will actually say, trials are fairer, cleaner, far less susceptible to unnecessary delay, and less likely to require retrials necessitated by appellate reversal.
For these reasons, it is hereby
ORDERED, that within ten (10) days of this Decision & Order, the People shall serve a supplemental disclosure pursuant to CPL §245.20(1)(f) setting forth a summary of the expected expert testimony of Dr. Cherry A. Tsai, Ph.D., Forensic Scientist III; and it is further
ORDERED, that the defendant shall provide reciprocal expert disclosure pursuant to CPL §245.20(1)(f) no later than ten (10) days prior to the commencement of jury selection; and it is further
ORDERED, that failure to comply with the above deadlines may, upon motion or timely objection, result in preclusion of the expert testimony pursuant to CPL §245.80(1)(a).
The matter is jury trial ready. Trial shall commence on November 17, 2025 at 9:00 a.m.
Dated: September 15, 2025
Ithaca, New York
Hon. Scott A. Miller
Tompkins County Court Judge

Footnotes

Footnote 1:This disclosure is generic and illustrative only, included here to demonstrate the minimal burden required to satisfy CPL §245.20(1)(f).